IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN BUFORD LYNN
    Petitioner,
v.                                      Case No. 4:24cv253/MW/MAL

UNITED STATES OF AMERICA
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner John Buford Lynn, a federal inmate proceeding pro se, has filed a pleading titled "Motion for Immediate Release." ECF No. 2. Because Lynn appears to challenge the execution of his sentence, specifically where he is designated to serve his sentence, the clerk has opened the case as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

On September 29, 2020, Judge Hinkle of this court sentenced Lynn to a term of 96 months' imprisonment after Lynn pleaded guilty to two controlled substance offenses in Case 5:19cr58/RH/MJF. The Judgement noted the pendency of additional state charges against Lynn and recommended that the Bureau of Prisons designate a state facility for service of Lynn's federal sentence, in effect making the federal sentence concurrent with the state sentence, "if the state sentencing judge so orders or recommends." Case 5:19cr58/RH, ECF No. 39 at 3. In May of 2023, Lynn

sent a letter to the sentencing court requesting clarification of his sentence and complaining he was serving a state sentence in a state facility, with a federal detainer lodged against him. Case 5:19cr58/RH, ECF No. 41. The court entered an order noting that where Lynn would serve his federal sentence was a federal question. It stated that any agreement Lynn made with state prosecutors or any order entered by the state court on this subject would not be binding on either the U.S. Marshals Service or the Bureau of Prisons. Case 5:19cr58/RH, ECF No. 42 at 2. The court further advised Lynn that a challenge to the Bureau of Prisons' implementation of a federal sentence is properly asserted in a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and that any such petition must be filed in the district of incarceration, not the district of conviction. *Id.* This is because, except in limited circumstances, jurisdiction over a § 2241 petition lies only in the district of a petitioner's confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-444 (2004); *Padgett v. Warden, USP Atlanta*, 745 F. App'x 859, 862 (11th Cir. 2018). The *Rumsfeld* Court specifically stated that a petitioner seeking to challenge his present physical custody in the United States "should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld*, 542 U.S. at 447.

In 2023, when Lynn filed his letter motion for clarification with the sentencing court, he was incarcerated at Blackwater River Correctional Facility in Milton, Florida. Now, however, he is in federal custody at FCI Butner Medium, in Butner, North Carolina with a projected release date of July 24, 2027. *See* https://www.bop.gov/inmateloc/. Because FCI Butner is in the Eastern District of North Carolina, Lynn's attempt to seek relief from this court is misplaced. In the interest of justice, this case should be transferred to the jurisdiction in which Lynn is in custody.

Accordingly, it is respectfully RECOMMENDED:

The clerk be directed to transfer this case to the United States District Court for the Eastern District of North Carolina.

At Gainesville, Florida on June 25, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.